UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY HUNTER and <br> VIVEK SETHIA, <br> as SELLER REPRESENTATIVE <br><br> Petitioners, <br><br> v. <br><br> AZENTIO SOFTWARE <br> PRIVATE LIMITED <br><br> Respondent. | ) <br> ) <br> ) <br> )    Case No. 1:24-cv-03728-LJL <br> ) <br> ) <br> )    ECF Case <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **FINAL JUDGMENT**

WHEREAS, on May 15, 2024, Petitioners Ashley Hunter and Vivek Sethia, as Seller Representatives, filed a Petition for Confirmation of Arbitration Award (ECF 1) seeking confirmation of a Final Award, dated April 11, 2024, issued by an International Arbitral Tribunal pursuant to the rules of the International Centre for Dispute Resolution of the American Arbitration Association (the "Award") (ECF 1-1).

WHEREAS, Respondent Azentio Software Private Limited responded to the Petition by letter dated June 6, 2024 ("Response") (ECF 11). Respondent did not assert any challenge to venue, subject matter jurisdiction, or personal jurisdiction for purposes of the entering of the Judgment. Respondent further stated it did "not contest that it is obligated to make payment under the Award," and does not assert any basis for vacating, modifying or correcting the Award, and or for refusing or deferring recognition or enforcement of the Award. Respondent did assert a right to a credit for a partial payment made after the Petition was filed, which is addressed below.

WHEREAS, this Court has subject matter jurisdiction over this action pursuant to the Federal Arbitration Act and the Convention on the Recognition and Enforcement of Foreign

1

Arbitral Awards (the "New York Convention"), 9 U.S.C. §§ 1 *et seq*. and 201 *et seq*. The arbitration agreement and Award arose out of a contractual relationship between citizens of different countries. This Court also has subject matter jurisdiction over this action based on complete diversity of citizenship under 28 U.S.C. § 1332(a)(2).

WHEREAS, the Award granted relief in favor of Petitioners against Respondent Azentio Software Private Limited as follows:

> Within thirty (30) days from the date of transmittal of this Final Award to the parties, Respondent shall pay to Clamant the sum of US$7,000,000.00, plus US$560,000.00 in interest. (The "Earn-out Award.")

The Award also granted lesser relief in favor of Respondent as follows:

> Within thirty (30) days from the date of transmittal of this Final Award to the parties, Claimant shall pay to Respondent the sum of US$750,000.00, plus US $83,671.00 in interest. (The "Tawuniya Award.")

WHEREAS, the parties agree that two credits should be applied towards Respondent's satisfaction of the Award. First, on May 7, 2024, Petitioners exercised their right of offset of the amount of the Tawuniya Award against the amount of the Earn-out Award. Second, on May 20, 2024, Respondent made partial payment of $2,500,000.00 towards its satisfaction of the Award.

Thus, the parties agree that Petitioners are entitled to the following principal amount of the Award:

> The Earn-out Award in the amount of $7,560,000.00;
>
> Less Credit for offset of the Tawuniya Award in the amount of $833,671.00, as of May 7, 2024;
>
> Less credit for partial payment of the Award in the amount of $2,500,000.00, as of May 20, 2024.

resulting in the remaining principal amount of the Award as $4,226,329.00.

WHEREAS, the parties further agree that Petitioners are entitled to the following post-Award, pre-judgment interest (which takes into account a credit in favor of Respondent in the

amount for interest accrued on the Tawuniya Award for the period from April 11, 2024 through May 7, 2024):

> Interest on $6,726,329.00 *(i.e.*, the net amount of the Earn-out Award less the Tawuniya Award) at the rate of 9% per annum, from April 11, 2024 through (and including) May 19, 2024, in the amount of $64,683.45 (per diem interest of $1658.55 for 39 days); and

> Interest on $4,226,329.00 *(i.e.,* the remaining principal Earn-out Award after the partial payment credit) at the rate of 9% per annum, from May 20, 2024 through (and including) June 12, 2024, in the amount of $25,010.60 (per diem interest of $1042.11 for twenty-four (24) days).

resulting in a total of post-Award, pre-judgment interest in the amount of $89,693.93 through (and including) June 12, 2024.

WHEREAS, Respondent does not contest that it is obligated to make payment of the following amounts in satisfaction of the Award.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Judgment is hereby entered in favor of Petitioners Ashley Hunter and Vivek Sethia, as Seller Representatives, and as against Respondent Azentio Software Private Limited in the following amounts:

   a. Four Million Two Hundred Twenty-Six Thousand Three Hundred Twenty Nine Dollars and No Cents ($4,226,329.00); plus

   b. Interest at the rate of 9% per annum on the remaining unpaid balance of Four Million Two Hundred Twenty-Six Thousand Three Hundred Twenty Nine Dollars and No Cents ($4,226,329.00) from June 12, 2024 until paid in full; plus

   c. Post-Award, pre-judgment interest in the amount of Eighty-Nine Thousand Six Hundred Ninety Three Dollars and Ninety Three Cents ($89,693.93) through (and including) June 12, 2024; plus.

    d.   Interest at the rate of 9% per annum on the remaining unpaid balance of Eighty-Nine Thousand Six Hundred Ninety Three Dollars and Ninety Three Cents ($89,693.93) from the date of entry of judgment until paid in full.

    2.   Petitioners have fully satisfied and discharged their obligations under the Award, and no amount is due and owing from Petitioners to Respondent under the Award.

    3.   This Court has subject matter jurisdiction over this action, and Respondent has waived any objection to venue or personal jurisdiction for purposes of the entering of the Judgment.

    4.   This Judgment is rendered without costs, fees or expenses assessed against any party at this time.  Any application for costs, fees, and/or expenses associated with this action shall be governed by Federal Rule of Civil Procedure 54(d).

    5.   This Judgment is final for all purposes, and Respondent has waived any right to appeal or seek review of this Judgment by a higher court.

    6.   Execution shall issue for this Judgment, and Petitioners shall be entitled to all legally available means of enforcing this Judgment.

    7.   The Court will retain jurisdiction over the parties to enforce this Judgment.

    8.   The Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: June 14, 2024.

                                                                  Lewis J. Liman
                                                                  United States District Judge