UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY HUNTER and <br> VIVEK SETHIA, <br> as SELLER REPRESENTATIVES <br><br> Petitioners, <br><br> v. <br><br> AZENTIO SOFTWARE <br> PRIVATE LIMITED <br><br> Respondent. | Case No. 1:24-cv-03728-LJL |

## POST JUDGMENT DISCOVERY ORDER

WHEREAS, on June 14, 2024, the Court entered its Final Judgment in this action in favor of Petitioners Ashley Hunter and Vivek Sethia, as Seller Representatives ("Petitioners"), in the amount of: (i) $4,226,329.00, plus interest at the rate of 9% per annum from June 12, 2024 until paid in full; and (ii) $89,693.93, plus interest at the rate of 9% per annum from June 14, 2024 until paid in full (the "Final Judgment") (Dkt. No. 18);

WHEREAS, on July 24, 2024, the Court granted Petitioners' motion for attorneys' fees and costs (Dkt. No. 34), with the amount of such fees and costs to be determined by the Court based on evidence submitted pursuant to the schedule set by the Court, as modified by its Docket Order dated August 5, 2024 (Dkt. No. 36);

WHEREAS, on July 16, 2024, Petitioners served Respondent Azentio Software Private Limited ("Azentio" or "Respondent") with a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law & Rules §§ 5223 and 5224, requesting documents concerning Respondent's property, income, assets, and other means relevant to the satisfaction of the Final Judgment and fee award (Petitioners' "Post Judgment Document Requests");

1

WHEREAS, Respondent does not contest that Fed. R. Civ. P. 69(a)(2) allows Petitioners to seek and obtain post judgment discovery in aid of execution of the Final Judgment;

WHEREAS, Respondent has stated an intent to pay the Final Judgment in full on or before September 16, 2024;

WHEREAS, the parties are engaged in good faith negotiations with respect to Petitioners' motion for attorneys' fees and costs;

WHEREAS, in the event that Respondent does not satisfy the Final Judgment in full by September 16, 2024, Respondent agrees to produce by September 23, 2024 the categories of documents set forth in **Attachment A** attached hereto;

WHEREAS, in the event that the Respondent does satisfy the Final Judgment in full by September 16, 2024 but the parties have not agreed to and Respondent has not paid a reasonable amount of attorneys' fees and costs to Petitioners by September 16, 2024, Respondent agrees to produce the categories of documents set forth in **Attachment A** within ten (10) days after entry of an order awarding such attorneys' fees and costs; and

WHEREAS, Petitioners reserve all rights to seek additional post judgment discovery, as needed, and seek appropriate relief from the Court in connection with the enforcement of the Final Judgment and any award of attorneys' fees.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. In the event that Respondent does not satisfy the Final Judgment in full by September 16, 2024, Respondent shall produce by September 23, 2024 the categories of documents set forth in **Attachment A** attached hereto.

2. In the event that Respondent does not pay to Petitioners an agreed award of reasonable attorneys' fees and costs by September 16, 2024, Respondent shall produce the

2

categories of documents set forth in **Attachment A** within ten (10) days after entry of an order awarding such attorneys' fees and costs.

    3.    Respondent hereby waives any objection to the production of documents responsive to the categories set forth in **Attachment A**.

    4.    Respondent's failure to comply with this Order may result in sanctions, including the imposition of reasonable attorneys' fees and costs.

Date: August 23, 2024

SO ORDERED.

_____
LEWIS J. LIMAN
United States District Judge

# ATTACHMENT A

Unless otherwise stated, the relevant time period applicable to the following categories of documents and communications is: January 1, 2024 to present.  Capitalized terms not defined in the foregoing Order shall have the meaning set forth in the Federal Rules of Civil Procedure.

For purposes of this Order, the term "identify" or phrase "identify and locate" means to provide all information necessary for Petitioners to locate, identify, and issue necessary collection writs with respect to the following categories, as applicable, including without limitation the name, addresses, nature of any entity, and other necessary information where collection writs would be directed to a third party.

1. Documents and Communications sufficient to identify and locate all bank accounts in the name of Azentio, whether as sole account holder or otherwise.

2. Documents and Communications sufficient to identify and locate all bank accounts for which Azentio has or had any right to directly or indirectly cause withdrawal or transfer of funds.

3. Documents and Communications sufficient to identify and locate all direct or indirect subsidiaries of Azentio.

4. Documents and Communications sufficient to identify and locate any share certificate or other documentation reflecting or constituting ownership of any direct or indirect subsidiary of Azentio.

5. Documents and Communications sufficient to identify and locate any share certificate or other documentation reflecting or constituting Azentio's ownership interest in any other entity.

6. Documents and Communications sufficient to identify and locate any person or entity that is indebted to Azentio and the specifics of any such indebtedness.

7. Documents and Communications sufficient to identify and locate any person or entity that is or has been in possession of any asset owned by Azentio or in which Azentio has or had any direct or indirect interest and the specifics of such asset.

8. Documents and Communications sufficient to identify and locate all lines of credit or other lending facility of any type pursuant to which Azentio has any ability to borrow or otherwise obtain funds.

9. Documents and Communications sufficient to identify any proposed sale or other disposition of Azentio or any direct or indirect subsidiary of Azentio or all or any substantial part of the assets of Azentio or any direct or indirect subsidiary of Azentio.

10. Documents and Communications sufficient to identify and locate any tangible assets owned by Azentio or in which Azentio has any direct or indirect interest.

11. Documents and Communications sufficient to identify and locate any intangible assets owned by Azentio or in which Azentio has any direct or indirect interest. *including for avoidance of doubt but not limited to accounts receivable from customers*

12. Documents and Communications sufficient to identify any transfer since March 1, 2023, of any asset owned by Azentio or in which Azentio had any direct or indirect interest, including without limitation, any payment or transfer by Azentio to any direct or indirect subsidiary or any direct or indirect parent or equity holder.

13. Documents and Communications sufficient to identify any proposed transfer of any asset owned by Azentio or in which Azentio had any direct or indirect interest.

14. Documents and Communications sufficient to identify and locate each customer or other person or entity that receives goods or services from Azentio and the specifics of any payment obligations of such customer(s) or other person(s) or entity(ies) to Azentio.